IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONNIE WAYNE NIPPER,           )
                               )
        Petitioner,             )
                               )   1:16CV867
        v.                      )   1:04CR434-1
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.             )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Donnie Wayne Nipper, a federal prisoner, brings a Motion [Doc. #79] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to one count of transporting stolen vehicles in interstate commerce in violation of 18 U.S.C. § 2312 and one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He was subsequently sentenced to 120 months of imprisonment for transporting stolen vehicles and a concurrent 195 months of imprisonment as an Armed Career Criminal for the firearm conviction. Petitioner unsuccessfully sought relief through a direct appeal and a prior Motion [Doc. #45] under § 2255, but later received permission from the United States Court of Appeals for the Fourth Circuit to file his current Motion. In the current Motion, Petitioner raises a single ground for relief challenging his classification as an Armed Career Criminal under § 924(e)(1) based on Johnson v. United

States, 576 U.S. \_\_\_\_, 135 S. Ct. 2551 (2015). The Government opposes relief with a Response [Doc. #83] in which it contends that the Motion is meritless.

Under 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . . " A crime is a serious drug offense for purposes of 18 U.S.C. § 924(e) if it is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is a crime "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A). Before Johnson, a crime was a "violent felony" if it was punishable by imprisonment of more than one year and had "as an element the use, attempted use, or threatened use of physical force against the person of another" or was "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(1)(B)(i) and (ii). However, Johnson invalidated as unconstitutionally vague the "residual clause" of the statute, which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct at 2563. Thus, to qualify as a "violent felony," a prior conviction must now come within either the enumerated offenses or the "use of force" clause.

In this case, the Factual Basis supporting Petitioner's guilty plea stated that Petitioner had relevant prior convictions on May 13, 1980 for breaking and entering in Durham County,

North Carolina, on January 14, 1985 for breaking and entering in Hillsborough,[1] North Carolina, and on February 25, 1985 for common law robbery in Durham County. The Presentence Report [Doc. #77] listed these three prior convictions, as well as numerous other convictions, in Petitioner's criminal history. However, in the paragraph stating that the Armed Career Criminal enhancement applied in Petitioner's case, the PSR did not specify which of Petitioner's prior convictions qualified as predicates supporting the enhancement. (Presentence Report ¶ 23.) At sentencing, Petitioner filed an objection stating that he was not an Armed Career Criminal, and the United States Probation Office responded by asserting that Petitioner qualified for the enhancement based on the 1980 breaking and entering and 1985 common law robbery convictions listed in the Factual Basis, as well as an escape conviction listed in Paragraph 34 of the Presentence Report. (Presentence Report, Addendum at 2-3.) Petitioner challenges all of these convictions following Johnson.

In response to the present Motion, the Government does not continue to rely on either the common law robbery conviction or the escape conviction as viable predicates following Johnson. However, the Government does argue that Petitioner's breaking and entering convictions still qualify as predicates supporting Petitioner's status as an Armed Career Criminal. In this regard, the Fourth Circuit has held that North Carolina breaking and entering convictions are violent felonies not under the residual clause, but instead because they are

---

[1] Although the Factual Basis lists the county as "Hillsborough," it appears from the Presentence Report [Doc. #77] that this is a typographical error and that the conviction occurred in the town of Hillsborough in Orange County, North Carolina. (Presentence Report ¶ 39.)

categorically within the enumerated offense of burglary. United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) ("The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary'" and "N.C. Gen. Stat. § 14–54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary . . . . N.C. Gen. Stat. § 14–54(a) therefore qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii)."); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992) ("[C]onvictions under North Carolina law for breaking or entering under N.C.G.S. § 14-54 qualify as generic burglaries under the *Taylor* case and justify an enhancement of punishment under § 924(e)(2)(B)(ii)."). Thus, Johnson does not affect Petitioner's breaking and entering predicates. Cf. Johnson, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses.").

Petitioner contends that this Court should reconsider this determination and revisit Mungro in light of the Supreme Court's decision in Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016). However, Mungro is still binding on this Court. Smith v. United States, No. 5:03-CR-195-FL-1, No. 5:16-CV-274-FL, 2016 WL 6583629, at *2 (E.D.N.C. Nov. 7, 2016). Moreover, Mathis is distinguishable because it involved a burglary statute from Iowa that swept more broadly than generic burglary, to include vehicles and boats. See Carr v. United States, 1:13CR98-1, 2016 WL 7912009, at *2 n.2 (M.D.N.C. Dec. 16, 2016), adopted by 2017 WL 280745 (M.D.N.C. Jan. 20, 2017). In contrast, North Carolina's breaking and entering statute does not extend beyond buildings and does not sweep more broadly than generic burglary. Therefore, Petitioner's breaking and entering convictions from North

4

Carolina still count as two valid predicate convictions for violent felonies under the Armed Career Criminal Act.[2]

Petitioner must still have a third predicate conviction to support his sentence as an Armed Career Criminal. Respondent points to a May 22, 1989 conviction for felonious sale of cocaine in Pinellas County, Florida. (See Presentence Report ¶ 49.) Petitioner opposes the use of this conviction. Petitioner first notes that in seeking permission from the Fourth Circuit to file his current Motion, he argued that because the Government did not file any objections to the Presentence Report, it could not now rely on convictions other than those previously mentioned to support his sentence. (See Order [Doc. #78], Attach., Brf. at 4.) He now contends that in granting his request for permission to file the Motion, the Fourth Circuit also ruled on this argument, thereby precluding the Government from contesting the matter further. However, this argument is without merit. Not only did Respondent not have any opportunity to litigate the issue before the Fourth Circuit, but in granting permission for Petitioner to file his successive § 2255 Motion, the Fourth Circuit ruled on only a single issue: whether or not Petitioner had permission for file his Motion. It held only that he made a prima facie showing that Johnson may apply to his case. (Order [Doc. #78].) The Fourth Circuit did not hold that Johnson definitely does apply, that Petitioner is entitled to any relief, or that the Government cannot raise any argument to contest the matter.

---

[2] As noted by the Government in its Response, the judgment for Petitioner's 1980 breaking and entering conviction cites a statutory subsection for misdemeanor breaking and entering, rather than felony breaking and entering, but all other paperwork associated with that conviction clearly indicates that it was, in fact, a felony conviction. (Response at 5-7.) Petitioner does not appear to claim otherwise.

5

Case 1:04-cr-00434-TDS   Document 88   Filed 06/13/17   Page 5 of 8

Petitioner also contends that the Government cannot rely on his Florida conviction because the conviction is not a serious drug offense under the Armed Career Criminal Act. Petitioner contends that the Florida statute under which he was convicted allowed for convictions based on the mere purchase of cocaine. He contends that the statute therefore does not satisfy the requirement in § 924(e)(2)(A) that the crime involve "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." Petitioner's conviction occurred in 1989 and, as he correctly points out, in 1989 his statute of conviction, Fla. Stat. § 893.13, included the word "purchase" as one of the ways the statute could be violated at that time. See Fla. Stat. § 893.13(1)(a) (1989). However, the Presentence Report reflects that Petitioner committed his offense two years earlier on December 31, 1986. At that time, the statute did not include the word "purchase," but instead only made it "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a) (1985). The term "purchase," which was added to the statute in 1987, could not have been used to convict Petitioner without creating an ex post facto violation. Therefore, Petitioner was clearly convicted under the earlier version of the statute in effect at the time of his offense conduct. The language of that statute falls within the language of § 924(e)(2)(A). The violation was a second-degree felony, which carried a penalty of up to 15 years of imprisonment. Fla. Stat. § 893.13(1)(a)(1) (1985), § 893.03(2)(a) (1986), § 775.082(3)(c) (1986); see also McCarthy v. United States, 135 F.3d 754, 756–58 (11th Cir. 1998) (concluding that a conviction under Fla. Stat. § 893.13(1)(a) carries a 15-year statutory maximum and qualifies as a serious drug offense

6

Case 1:04-cr-00434-TDS   Document 88   Filed 06/13/17   Page 6 of 8

under the ACCA); McDowell v. Warden, No. 15-10047, ___ F. App'x ___, 2017 WL 2352000 (11th Cir. May 31, 2017) (same, citing McCarthy).  Thus, Petitioner's conviction for selling cocaine in Florida was a serious drug offense which qualifies as Petitioner's third predicate supporting the Armed Career Criminal sentence he received.  His Motion is without merit and should be denied.

In addition to Petitioner's Motion under § 2255, he also filed a Motion [Doc. #80] seeking his immediate release, a Motion [Doc. #85] seeking his release, a Motion [Doc. #86] seeking bail and an evidentiary hearing, and a Motion [Doc. #87] seeking to expand the record to include further argument on his Florida conviction for selling cocaine.  The first three of these Motions are based on the premise that his § 2255 Motion has, or at least may have, merit. However, as set out above, the § 2255 Motion does not provide any substantive basis for relief. Therefore, Petitioner's Motions seeking his release, bail, and an evidentiary hearing should all be denied.  With respect to Petitioner's Motion seeking to expand the record, the Court will grant that Motion and has considered Petitioner's additional arguments.  However, those additional contentions do not change the reasoning or the outcome set out above regarding the Florida conviction.

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #87] to expand the record is granted, and the arguments presented therein have been considered.

IT IS RECOMMENDED that Petitioner's Motion [Doc. #79] to vacate, set aside or correct sentence, Motion [Doc. #80] seeking his immediate release, Motion [Doc. #85]

seeking his release, and Motion [Doc. #86] seeking bail and an evidentiary hearing be denied and that this action be dismissed.

This, the 13th day of June, 2017.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge