IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONNIE WAYNE NIPPER,           )
                               )
          Petitioner,          )
                               )
     v.                        )    1:16CV867
                               )    1:04CR434-1
UNITED STATES OF AMERICA,      )
                               )
          Respondent.          )

## ORDER

On June 13, 2017, the United States Magistrate Judge's Recommendation (Doc. 88) was filed and notice was served on Petitioner pursuant to 28 U.S.C. § 636. Petitioner filed objections (Doc. 92) to the Recommendation within the time limit prescribed by Section 636.

The court has reviewed Petitioner's objections *de novo* and finds they do not change the substance of the United States Magistrate Judge's Recommendation (Doc. 88), which is affirmed and adopted.[1]

---

[1] In his objections, Petitioner contends that the Government cannot rely on other prior convictions to establish his status as an Armed Career Criminal. However, all of the prior convictions were reflected in the Criminal History section of Petitioner's Presentence Report, and at sentencing Petitioner stipulated to the applicability of the Armed Career Criminal enhancement, which the sentencing judge found was correctly applied based on the undisputed facts in the presentence report and Petitioner's "extensive" record. (Tr. (Doc. 37) at 5.) In reviewing Petitioner's criminal history, the sentencing judge specifically mentioned Petitioner's prior conviction for "Felonious sale of cocaine in Florida, 66 months." (Tr. (Doc. 37) at 9.) Thus, Petitioner clearly had notice regarding this prior conviction. In addition, on a challenge

IT IS THEREFORE ORDERED that Petitioner's Motion to vacate, set aside, or correct sentence (Doc. 79), motion seeking immediate release (Doc. 80), motion seeking release (Doc. 85), and motion seeking bail and an evidentiary hearing (Doc. 86) are all DENIED, and this action is DISMISSED. Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is DENIED.

       /s/   Thomas D. Schroeder
United States District Judge

July 19, 2017

---

under 28 U.S.C. § 2255, Petitioner has the burden to show that his sentence is unlawful before relief can be granted, and in the circumstances presented, Petitioner has failed to do so. See United States v. Pettiford, 612 F.3d 270, 279-80 (4th Cir. 2010). Indeed, even if Petitioner were granted relief and resentenced, he would still be sentenced as an Armed Career Criminal, for the reasons set out in the Recommendation. Therefore, Petitioner has failed to establish a basis for § 2255 relief in this case.