IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DONNIE WAYNE NIPPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:16CV867 |
| v. ) | 1:04CR434-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Donnie Wayne Nipper, a federal prisoner, brings a Motion [Doc. #79] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to one count of transporting stolen vehicles in interstate commerce in violation of 18 U.S.C. § 2312 and one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He was subsequently sentenced to 120 months of imprisonment for transporting stolen vehicles and a concurrent 195 months of imprisonment as an Armed Career Criminal under 18 U.S.C. § 924(e) for the firearm conviction. Petitioner unsuccessfully sought relief through a direct appeal and a prior Motion [Doc. #45] under § 2255, but later received permission from the United States Court of Appeals for the Fourth Circuit to file his current Motion. In the current Motion, Petitioner raised a single ground for relief challenging his classification as an Armed Career Criminal under § 924(e)(1) based on Johnson v. United States, 576 U.S. ____, 135 S. Ct. 2551 (2015).

Under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony

or a serious drug offense, or both, committed on occasions different from one another. . . . " A crime is a serious drug offense for purposes of 18 U.S.C. § 924(e) if it is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is a crime "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A). Before Johnson, a crime was a "violent felony" if it was punishable by imprisonment of more than one year and had "as an element the use, attempted use, or threatened use of physical force against the person of another" or was "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(1)(B)(i) and (ii). However, Johnson invalidated as unconstitutionally vague the "residual clause" of the statute, which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct at 2563. Thus, to qualify as a "violent felony," a prior conviction must now come within either the enumerated offenses or the "use of force" clause.

In this case, the Factual Basis [Doc. #12] supporting Petitioner's guilty plea stated that Petitioner had relevant prior convictions on May 13, 1980 for breaking and entering in Durham County, North Carolina, on January 14, 1985 for breaking and entering in Hillsborough, North Carolina, and on February 25, 1985 for common law robbery in Durham County. The Presentence Report [Doc. #77] listed these three prior convictions, as well as numerous other convictions, in Petitioner's criminal history. However, in the paragraph stating that the Armed Career Criminal enhancement applied in Petitioner's case, the PSR did

2

not specify which of Petitioner's prior convictions qualified as predicates supporting the enhancement. (Presentence Report ¶ 23.) At sentencing, Petitioner filed an objection stating that he was not an Armed Career Criminal, and the United States Probation Office responded by asserting that Petitioner qualified for the enhancement based on the 1980 breaking and entering and 1985 common law robbery convictions listed in the Factual Basis, as well as an escape conviction listed in Paragraph 34 of the Presentence Report. (Presentence Report, Addendum at 2-3.) Petitioner challenged the use of all of these convictions following Johnson.

In response to Petitioner's Motion, the Government did not continue to rely on either the common law robbery conviction or the escape conviction as viable predicates following Johnson. The Government instead argued, and the undersigned agreed, that Petitioner's two breaking and entering convictions still qualified as predicates supporting Petitioner's status as an Armed Career Criminal even following Johnson. As for Petitioner's third predicate, the Government relied on a May 22, 1989, conviction for felonious sale of cocaine in Pinellas County, Florida. (See Presentence Report ¶ 49.) The parties litigated whether or not that conviction satisfied the requirements of the ACCA and the undersigned concluded that it did. This meant that Petitioner still had the three required predicates supporting the Armed Career Criminal enhancement. Based on this, the undersigned recommended denial of Petitioner's Motion. (Order and Recommendation [Doc. #88].) The United States District Judge later entered an Order [Doc. #93] adopting the Recommendation and denying Petitioner's § 2255 Motion.

3

Case 1:04-cr-00434-TDS    Document 113    Filed 11/28/18    Page 3 of 8

Petitioner next filed an appeal with the United States Court of Appeals for the Fourth Circuit, which held the case in abeyance pending another case that was later decided in United States v. Hodge, 902 F.3d 420 (4th Cir. 2018). Hodge involved a Defendant sentenced under the ACCA who raised a challenge under Johnson. Like Petitioner, Johnson invalidated one of the predicates relied upon at sentencing, but the Government pointed to a separate conviction not relied upon at sentencing as still supporting the ACCA enhancement on collateral review. The Fourth Circuit in Hodge held that the Government could not rely on a predicate on collateral review that it had not relied upon at sentencing to support the enhancement. The Fourth Circuit therefore remanded the case for resentencing. Id. at 428, 433. The Fourth Circuit also then remanded the present case for reconsideration in light of the holding in Hodge. (Opinion [Doc. #107].) The mandate issued on October 25, 2018.

In light of the facts set out above and the decision in Hodge, the undersigned will recommend that Petitioner's § 2255 Motion be granted and that this case be set for resentencing. As set out above, the Factual Basis listed two breaking and entering convictions and a common law robbery conviction as predicate convictions for Petitioner, while the Addendum to the Presentence Report listed one breaking and entering conviction, the common law robbery conviction, and an escape conviction as predicate convictions. The Government no longer seeks to rely on the common law robbery or escape convictions, leaving only two possible predicate convictions out of the group listed. Under Hodge, Petitioner's Florida conviction for felonious sale of cocaine would not be considered at this

4

stage of the § 2255 Motion on collateral review. Therefore, Petitioner's Motion should be granted and the matter should be set for resentencing based on Hodge.

While Petitioner's appeal of the denial of his § 2255 Motion remained pending, Petitioner also filed two further motions in this Court. The first is a Motion [Doc. #105] seeking a reopening of Petitioner's § 2255 Motion under Federal Rule of Civil Procedure 60(b)(6). When the Government did not file a response to the Rule 60 Motion, Petitioner filed a Motion [Doc. #106] seeking summary judgment under Federal Rule of Civil Procedure 56. Given the Fourth Circuit's remand of this case and the recommendation above that Petitioner's § 2255 Motion be granted, Petitioner's Motions under Rule 60 and Rule 56 are moot and should be denied as such.

After the Fourth Circuit's Order remanding this case, but before its mandate issued, Petitioner filed a Motion [Doc. #109] seeking to be immediately released from custody. In that Motion, Petitioner reasons that, based on Hodge, he will not be subject to the Armed Career Criminal enhancement at sentencing. Without that enhancement, the statutory maximum sentence for Petitioner's § 922(g) conviction is ten years. Petitioner has already served over 11 years for that conviction. Therefore, Petitioner reasons that he has overserved any potential sentence he can receive at resentencing and that he should be immediately released from custody. The Court has the power to release Petitioner on bond pending his resentencing. However, such a release is appropriate only if Petitioner can "show substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." United

5

States v. Eliely, 276 F. App'x 270 (4th Cir. May 2, 2008) (unpublished). Here, Petitioner already succeeded on his claims, but his pending resentencing does not provide the "exceptional circumstances" required for the Court to grant his Motion. Petitioner's conclusion otherwise is incorrect for two reasons.

First, Hodge holds only that the Government cannot rely on predicate convictions not used to support an Armed Career Criminal enhancement at Petitioner's original sentencing when opposing a Motion on collateral relief because the enhancement would then be based on convictions for which a petitioner did not have notice or an opportunity to contest at sentencing. However, Hodge does not speak to the question of whether or not the Government can attempt to rely on such predicates at any resentencing where a defendant can then receive notice and have a full opportunity to challenge the predicates. Therefore, it is possible that the Government can attempt to rely at Petitioner's resentencing upon the same predicates that it cited in opposing Petitioner's § 2255 Motion.[1] If it does, Petitioner can certainly oppose the use of those predicates, either by arguing that their use is barred by Hodge or that they are invalid for some other reason. However, those questions will ultimately need to be litigated at any resentencing.

Second, even if Petitioner establishes at his resentencing that he is no longer an Armed Career Criminal, this does not mean that he will be entitled to immediate release. Petitioner's Presentence Report found that, based on his status as an Armed Career Criminal, Petitioner's

---

[1] With respect to the Florida conviction, the Court notes that the attachment to Petitioner's Rule 60(b) Motion [Doc. #105] further confirms the analysis of that conviction as set out the Court's prior Recommendation.

total offense level under the United States Sentencing Guidelines was 30 with a criminal history category of VI, resulting in a sentencing range under the Guidelines of 168-210 months of imprisonment. Absent the enhancement, Petitioner's total offense level would have been 29 with a criminal history category of VI, resulting in a sentencing range of 151-188 months of imprisonment. As Petitioner correctly states, the maximum statutory sentence for Petitioner's conviction under § 922(g) is 120 months, absent the Armed Career Criminal enhancement. However, he also has a conviction for transporting stolen vehicles in interstate commerce, which carries a separate statutory maximum of 120 months. Although the two convictions were grouped together at the time of Petitioner's original sentencing, if the Guideline range determined at resentencing is higher than the statutory maximum for either offense, the sentencing judge must impose consecutive sentences so that the resulting total sentence falls within the appropriate Guidelines range. See USSG § 5G1.2. Therefore, Petitioner could still receive a total sentence well over 120 months and also over the eleven to twelve years he has served. Again, Petitioner can raise arguments challenging the Guidelines range and the appropriate sentence under the Guidelines.[2] However, it is not at all clear based on the prior PSR that Petitioner will receive a sentence equal to or less than time served. Therefore, he is not entitled to immediate release and his Motion seeking that release should be denied.

---

[2] Whether Petitioner waived the right to challenge the other Guideline determinations would also be an issue for litigation at the resentencing.

IT IS THEREFORE RECOMMENDED that Petitioner's Motions [Doc. #105, 106] seeking relief under Rule 60 and summary judgment under Rule 56 be denied for being moot, that Petitioner's Motion [Doc. #109] seeking immediate release be denied, that Petitioner's Motion [Doc. #79] to vacate, set aside or correct sentence be granted, and that this matter be set for resentencing.

This, the 28th day of November, 2018.

                                              /s/ Joi Elizabeth Peake
                                                 United States Magistrate Judge